IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:10-CR-95-FL-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| GENARO FLORES-DURAN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to suppress (DE # 43). The government timely filed a response in opposition. The matter was referred to United States Magistrate Judge David W. Daniel pursuant to 28 U.S.C. § 636(b)(1)(C) for memorandum and recommendation ("M&R"). Following an evidentiary hearing, the magistrate judge entered his M&R (DE # 58) on February 3, 2011. The magistrate judge recommends that defendant's motion to suppress be denied. Where no objections to the M&R were filed within the time permitted by Rule 59(b) of the Federal Rules of Criminal Procedure, the issues raised now are ripe for review. For the reasons that follow, defendant's motion is denied.

Although a detailed statement of the facts of this case is set forth in the M&R, those facts are briefly summarized here for reference. On August 11, 2010, two law enforcement officers with the Jasper County Sheriff's Office in South Carolina were patrolling a stretch of Interstate 95 ("I-95") in a marked police vehicle near the border with Georgia. At approximately 7:00 p.m., as the officers were sitting in their parked patrol car on northbound I-95, they were passed by a black Ford Taurus driven by defendant. As he passed them, defendant moved from the fast lane into the slow lane, pulling in behind a tow truck and leaving a distance of one car length or less.

South Carolina law prohibits a driver of a motor vehicle from following another vehicle "more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway." S.C. Code Ann. § 65-5-1930. The officers testified that they follow a rule of thumb that a safe following distance constitutes approximately one car length for every ten miles per hour of speed a car is traveling. Because he was traveling at approximately 70 miles per hour, the officers felt that it was unsafe for defendant to follow so closely behind the tow truck.

The officers followed the Taurus for a time. When defendant did not increase the distance between his car and the tow truck after four miles as the vehicles approached a construction zone, the officers initiated a traffic stop. The officers noted certain aspects of the appearance of the vehicle and of defendant that appeared suspicious, and asked defendant to exit the vehicle. When asked, defendant stated that he was not transporting anything illegal. He then consented to a search of the vehicle, which resulted in the officers' discovery of cocaine.

On September 1, 2010, defendant was indicted for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. In his motion to suppress, filed November 15, 2010, defendant argued that officers had no sufficient justification for initiating the traffic stop. Noting that the "following too closely" provision of South Carolina allowed officers substantial discretion, the magistrate judge found their one-car-length-per-ten-miles-per-hour rule of thumb to be reasonable. The magistrate judge concluded that the distance at which defendant was following the tow truck was not in fact "reasonable and prudent" under South Carolina law, and that officers had probable cause to initiate the traffic stop. Defendant did not object to the magistrate judge's analysis or recommendation.

2

Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). In the absence of a specific and timely filed objection, the court reviews the magistrate judge's findings and conclusions only for clear error, and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

The magistrate judge thoroughly examined defendant's argument and determined that defendant's motion to suppress should be denied. Having carefully reviewed the filings in this case, the M&R, and the relevant case law, the court agrees with the conclusions reached by the magistrate judge. Finding no clear error, the court ADOPTS as its own the findings and recommendations of the magistrate judge (DE # 58). Accordingly, defendant's motion to suppress (DE # 43) is DENIED.

SO ORDERED, this the 25th day of February, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

3