IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:10-CR-95-FL-1
NO. 7:14-CV-46-FL

| | | |
|---|---|---|
| GENARO FLORES-DURAN, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (DE 234), and the government's motion to dismiss, (DE 238), to which petitioner filed a response in opposition. Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Robert T. Numbers, II, entered a memorandum and recommendation ("M&R") (DE 248), wherein it is recommended that the court deny petitioner's § 2255 motion and grant respondent's motion to dismiss. Petitioner timely filed objections to the M&R, and in this posture, the issues raised are ripe for ruling. For the reasons stated herein, the court adopts the recommendation of the M&R, and grants respondent's motion to dismiss.

## BACKGROUND

On August 11, 2010, deputies from the Jasper County, South Carolina Sheriff's Office stopped petitioner for following another vehicle too closely. A consent search of petitioner's vehicle yielded three plastic bags which tested positive for cocaine. On September 1, 2010, a grand jury in the Eastern District of North Carolina indicted petitioner and a co-defendant on one count of

conspiracy to distribute cocaine. On November 15, 2010, petitioner moved to suppress the evidence resulting from the traffic stop, alleging officers lacked probable cause to conduct the stop. Following an evidentiary hearing, on February 3, 2011, United States Magistrate Judge David Daniel recommended the district court deny the motion to suppress. Neither party filed objections, and this court subsequently adopted the recommendation, denying petitioner's motion to suppress on February 24, 2011.

On March 10, 2011, a grand jury indicted petitioner and other co-defendants on a superseding indictment on two counts, possession with the intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 (count one), and possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c) (count two). Petitioner pleaded not guilty, and proceeded to trial on June 15, 2011. On June 17, 2011, the jury unanimously convicted defendant on both counts. The district court sentenced defendant on November 28, 2011, to 292 months on count one, and 60 months on count two, for a total of 353 consecutive months.

Petitioner appealed, and on July 1, 2013, the Fourth Circuit affirmed the conviction and sentence by unpublished per curiam opinion. United States v. Flores-Duran, 531 F. App'x 348 (4th Cir. 2013); cert. denied 134 S. Ct. 1012 (2014). On March 12, 2014, petitioner filed his motion to vacate under 28 U.S.C. § 2255 asserting the following four grounds for relief: 1) the sentence imposed by this court after petitioner's conviction was improper, because it was grossly disproportionate to the sentences imposed upon other participants in the conspiracy; 2) the Eastern District of North Carolina was not the appropriate venue or jurisdiction for count two to be tried; 3) the stop of petitioner's vehicle, the criminal case's triggering event, violated the Fourth Amendment; and 4) ineffective assistance of counsel. Petitioner concedes the second and third

grounds for relief were reviewed and found without merit by the Fourth Circuit on direct appeal, but argues that the circumstances warrant a ruling by this court. On April 25, 2014, the government filed its motion to dismiss on the basis that the claims are without merit.

**COURT'S DISCUSSION**

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent

3

with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A complaint states a claim under 12(b)(6) if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.   Analysis

In his objections to the M&R, petitioner takes issue with the magistrate judge's purported failure to consider United States v. Said, 798 F.3d 182 (4th Cir. 2015) in determining the proportionaltiy of petitioner's sentence. With respect to petitioner's second objection, he argues that a Fifth Circuit case provides a basis for this court to review the issue of venue, despite the Fourth Circuit's determination on direct appeal. Petitioner's third objection centers on the magistrate judge's failure to consider United States v. Sowards, 690 F.3d 583, 591 (4th Cir. 2012) in making the recommendation that the vehicle stop was valid, as well as urging this court to use its discretion

4

to allow petitioner to explore the possibility of racial profiling in the stop, despite the conceded lack of evidence of such profiling on the record. Finally, in his fourth objection, petitioner contends that the magistrate judge incorrectly recommended that defense counsel's failure to object to a ruling concerning a piece of evidence, thereby failing to preserve the issue for appeal, did not rise to the level of ineffective assistance of counsel. The court takes each objection in turn.

    1.    Disparity of Sentence

Petitioner argues that his sentence, 353 months consecutively for both counts, violates the Eighth Amendment, because it is disproportionate to the sentences received by co-conspirators and "similarly situated defendants." (Obj. at 1). Petitioner contends that a reviewing court "is obligated to conduct a comparison of similarly situated defendants in the same jurisdiction," and cites Said, 798 F.3d 182, as standing for that proposition. Petitioner misstates the law, however. The Supreme Court has adopted a two-prong test for assessing an as-applied challenge to the proportionality of a sentence. Said, 798 F.3d at 196 (citing Graham v. Florida, 560 U.S. 48, 60 (2010)). First, the reviewing court performs a threshold comparison of the gravity of the offense and the severity of the sentence, and only if that comparison yields an inference of gross disproportionality will the court move to the second prong. Id. Under the second prong, the court "must compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions." Id. "Since [Solem v. Helm, 463 U.S. 277 (1983)] was decided, not a single 'defendant before the Supreme Court has been successful in establishing even a threshold inference of gross disproportionality' in a non-capital case." Id. (citing United States v. Cobler, 748 F.3d 570 (4th Cir. 2014)). In Said,[1] the Fourth

---

[1] On December 8, 2015, the defendants in Said filed a petition for a writ of certiorari from the United States Supreme Court.

Circuit did not reach the second prong, finding that the defendants' mandatory life sentences were not grossly disproportionate to the crime of piracy.

Petitioner was the organizer of a drug distribution ring that shipped large amounts of cocaine across the United States for almost seven years. The operation employed numerous individuals and involved the use of stash-houses, vehicles with concealed compartments, and firearms. Petitioner was found responsible for the distribution of over 62 kilograms of cocaine and 71.02 grams of cocaine base. He faced a sentencing guidelines range of 292 to 365 months, and his 353 month sentence falls within the guidelines. When the Fourth Circuit reviewed petitioner's sentence on direct appeal to determine whether a four-level enhancement for leadership role was correctly applied by the district court, the court held that it was not "left with the definite and firm conviction that a mistake [had] been committed." Flores-Duran, 531 F. App'x at 357.

In light of these facts and applicable case law,[2] petitioner's sentence does not raise an inference of gross disproportionality, and the court is not obligated to compare petitioner's sentence to those of his co-conspirators.

2.  Improper Jurisdiction/Venue

Petitioner urges the court to re-examine whether the Eastern District of North Carolina was the appropriate venue for the trial of count two, but does not meaningfully object to the magistrate judge's recommendation respecting this issue. The magistrate judge recommends that petitioner's argument lacks merit, because it was addressed by the Fourth Circuit on direct appeal. Flores-Duran, 531 F. App'x at 357. While petitioner acknowledges that Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976), cited by the magistrate judge, states the general rule that issues

---

[2] The court incorporates the cases and analysis provided on page nine of the M&R.

6

addressed on direct appeal should not be re-litigated on collateral review, petitioner contends that "under the right circumstances, with the appropriate issue and facts raised, a habeas court may examine issues already raised and litigated on appeal." (Obj. at 5). There is no clear error in the magistrate judge's findings with respect to the Fourth Circuit's holding on the issue, and this court will not entertain petitioner's attempts to "recast, under the guise of collateral attack, questions fully considered by th[e appellate] court." Boeckenhaupt, 537 F.2d at 1183. Petitioner's argument that the Eastern District of North Carolina was not the proper venue for the trial of count two is without merit.

   3. Search and Seizure of Vehicle

    A. Sowards

Petitioner contends that the recommendation does not take into consideration the opinion by the Fourth Circuit in Sowards, to the effect that an officer's visual speed estimate alone will not always establish probable cause for a traffic stop based on speeding. (Obj. at 6, citing Sowards, 690 F.3d at 591). A court must still consider whether the estimate is reasonable and reliable. Sowards, 690 F.3d at 591. Petitioner was not pulled over for speeding, however, but rather, following too closely, pursuant to S.C. Code Ann. § 56-5-1930(a). The statute provides that a driver shall not follow another vehicle "more closely than is reasonable and prudent." This implies subjectivity into the officer's probable cause determination in a way that a speeding statute does not.

Petitioner concedes that the recommendation correctly refers to the body of cases upholding as reasonable an officer's use of the "one car length for every ten miles per hour" standard for determining whether a vehicle is following another too closely. (Obj. at 5-6). Sowards does not contradict these cases, and is irrelevant. Further, it is admitted that the Fourth Circuit ruled on the

7

reasonableness of the vehicle stop in petitioner's direct appeal, despite defense counsel's failure to preserve the issue as detailed more fully below. (Id. at 5). The Fourth Circuit found that the law enforcement officer that initiated petitioner's traffic stop had probable cause to do so, and held that this court, the district court, therefore, had a proper basis to deny petitioner's motion to suppress. Flores-Duran, 531 F. App'x at 356. Petitioner's argument, having been litigated already, is without merit. See Boeckenhaupt, 537 F.2d at 1183.

### B. Racial Profiling

Petitioner does not meaningfully object to the magistrate judge's recommendation that petitioner's racial profiling arguments are not supported by any evidence on the record. Instead, petitioner urges this court to allow petitioner to explore the possibility of racial bias in the vehicle stop, an issue not raised on direct appeal, in light of studies concerning traffic stops in South Carolina. The court may not hold that law enforcement acted illegally on the basis of speculation. See Boeckenhaupt, 538 F.2d at 1184. Because the record does not contain any evidence of racial profiling, a finding petitioner concedes, this court will not allow petitioner to "examine" the vehicle stop on this basis. (Obj. at 7).

### 4. Ineffective Counsel

Petitioner argues that defense counsel's failure to preserve for direct appeal petitioner's objections to the vehicle stop rose to the level of ineffective counsel. The two-pronged test for ineffective counsel is well-established: petitioner must show that his attorney's performance fell below an objective standard of reasonableness, and that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688, 692 (1984). A reviewing court begins the inquiry with the strong presumption that counsel rendered

8

adequate assistance. Id. at 690. Petitioner contends that but for counsel's failure to preserve the issue, the Fourth Circuit on direct appeal would have deemed the evidence seized from the vehicle stop inadmissible, and overturned petitioner's conviction. This argument is unreasonable in light of the Fourth Circuit's ruling on direct appeal. The Fourth Circuit took up the issue, despite counsel's failure to preserve it, and affirmatively held that suppression of the evidence was unwarranted, as the law enforcement officer had probable cause to initiate the traffic stop. Flores-Duran, 531 F. App'x at 356. Accordingly, petitioner cannot satisfy his burden under Strickland, and petitioner's ineffective counsel claim is without merit.

     5.    Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing reasons, upon de novo review of the portions of the M&R to which specific objections were raised, and considered review of those portions to which no such objections were made, the court ADOPTS the recommendation of the magistrate judge as set forth herein. The government's motion to dismiss (DE 238) is GRANTED, and petitioner's motion to vacate, set aside, or correct (DE 234) is DENIED. A certificate of appealability is DENIED, and the clerk is

9

DIRECTED to close this case.

SO ORDERED, this the 17th day of December, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge

10